BLD-345                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2467
_____

IN RE: JAMES HARDWICK,
                                                                Petitioner

_____

On Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(D. Del. No. 1-12-cv-01254)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 14, 2016

Before:  FUENTES, KRAUSE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Filed: July 22, 2016)
_____

OPINION*
_____

PER CURIAM

<u>Pro</u> <u>se</u> petitioner, James Hardwick, a state prisoner, seeks a writ of mandamus

directed to the warden of the James T. Vaughn Correctional Center.  Hardwick alleges

that prison officials have prohibited him from accessing certain materials that he

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

relinquished into their custody before he underwent surgery in March 2016.[1]  He

contends that he needs those materials in order to appeal from the order of this Court

(entered on April 21, 2016) denying his request for a certificate of appealability in a

habeas action.  He also indicates that he needs those materials in order to effectively

litigate other unspecified cases.

A writ of mandamus is a drastic remedy available only in extraordinary

circumstances.  See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir.

2005).  Generally, mandamus is a "means 'to confine an inferior court to a lawful

exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its

duty to do so.'"  United States v. Christian, 660 F.2d 892, 893 (3d Cir. 1981) (quoting

Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943)).

Under the All Writs Act, Congress has conferred jurisdiction on this Court to issue

writs of mandamus "in aid of" our jurisdiction and "agreeable to the usages and

principles of law."  28 U.S.C. § 1651(a).  It is well-settled that we may consider a petition

for mandamus only if the action involves subject matter that may at some time come

within this Court's appellate jurisdiction.  See Christian, 660 F.2d at 894-95.  There is no

basis for such jurisdiction here.  Hardwick does not allege any act or omission by a

District Court within this Circuit over which we might exercise authority by way of

mandamus.  Nor does he allege any act or omission by a federal officer, employee, or

agency that a District Court might have mandamus jurisdiction to address in the first

---

[1] Hardwick describes these materials as both "legal and non-legal."

instance.  See 28 U.S.C. § 1361.  Instead, Hardwick asks us to compel state authorities to release certain personal material to him.  We lack jurisdiction to grant this request.  See In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam).  Accordingly, we will deny the petition.